A. J. RIDDICK v. J. H. TURPIN et al.

HOMESTEAD. *Abandonment. Case stated.* In 1873 A sold, without the concurrence of his wife, who had deserted him, taking their only child with her, and was at the time residing at her father's, a tract of land, at the time under lease to a third party; A assigned the purchase notes and the assignees filed a bill to enforce the lien and obtained an order of sale, whereupon A filed a bill to obtain homestead in the land. *Held,* A is not entitled to homestead. *Quere:* Is the wife?

FROM CROCKETT.

Appeal from the Chancery Court at Alamo. JOHN SOMERS, Ch.

GOODLOE & MAHON for complainant.

BUCHANAN & COOPER for defendants.

FREEMAN, J., delivered the opinion of the court.

The facts of this case are, that in March, 1873, complainant owned a tract of land of about 140 acres in Crockett county. This land he agreed to sell and did sell to F. M. Riddick, and gave him a bond for title—the consideration being four notes due yearly from date of sale, each note being for upwards of $1,000.

These notes were transferred to Turpin, and Hardin & Avery, to the former as part of the purchase money of a house and lot in the town of Bell's Depot, to the latter as collateral security for a debt due from Riddick & Son. The holders of these notes have filed

their bills to enforce the vendor's lien, and obtained a decree ordering said land sold. This bill is filed by complainant, the original vendor, to assert his right to homestead, charging that he is the head of a family, lived on the land at the time of the sale, and his wife did not join in it, or have any connection with it whatever, and that he never, in any way, abandoned said claim.

This is all denied in an unsworn answer, at least so far as the main allegations are concerned.

The proof shows this state of facts. That at the time of selling the land, the complainant and his wife had separated—she having, for some cause, abandoned him, as he says, on account of disagreement as to family matters, and she had gone to her father's to live, taking her child, then quite young with her. She has continued thus to live up to the present. The child, since it was five or six years old, say for the last few years before this suit, had been permitted to visit the father, and probably stayed with him one-third of the time. He surrendered possession of the place to the purchaser, though he seems not to have actually occupied it until 1874, it having been rented out at the date of the sale, in March, 1873, for the year.

The only question is whether the husband, on this state of facts, is entitled to assert a right to homestead to the land thus sold.

We hold he is not so entitled. He was not occupying it with his family as such; at date of the sale it was rented out, and the wife had left his home as

indicated by the proof, with no purpose to return. He surrendered his right to possession, and has not occupied it as a homestead or his permanent residence since, having been on it permissively as a tenant only for a time. We confine this decision strictly to the facts of this case.

What may be the right of the wife in the premises we do not decide, but only that on these facts, the husband alone cannot, as against his vendee or the holders of the paper for purchase money in this case, assert by this proceeding a right to homestead. The chancellor so held, and we affirm his decree with costs.